UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERY LEONARD,<br><br>              Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY, INC.,<br><br>             Defendant. | CASE NO. C25-1551JLR<br><br>ORDER |

Before the court are Defendant The Boeing Company, Inc's ("Boeing") motion to dismiss Plaintiff Jeffery Leonard's class action complaint (MTD (Dkt. # 11)) and Mr. Leonard's motion to stay the proceedings in this matter pending the resolution of his forthcoming motion to remand for lack of subject matter jurisdiction (MTS (Dkt. # 14)).

Boeing removed the matter to this court on August 14, 2025, asserting subject matter jurisdiction under the Class Action Fairness Act. (*See* Not. of Removal (Dkt. # 1).) It filed its motion to dismiss on August 21, 2025, making Plaintiff's opposition to the motion to dismiss due on September 11, 2025. (*See* MTD); Local Rules W.D. Wash.

ORDER - 1

LCR 7(d)(4) (providing that any opposition to a motion to remand shall be filed no later than 21 days after the filing date of the motion). Mr. Leonard filed his motion to stay on September 4, 2025, and noted it for September 12, 2025. (*See* MTS.) In that motion, Mr. Leonard states that he intends to file his motion to remand no later than October 3, 2025, and asks the court to suspend his deadline for responding to Boeing's motion to dismiss pending the resolution of the motion to stay. (*Id.* at 1.) Under the court's Local Civil Rules, however, Mr. Leonard's motion to stay will not be ripe for decision until September 25, 2025, two weeks *after* his deadline to respond to the motion to dismiss. *See* Local Rules W.D. Wash. LCR 7(d)(3) (providing that any motion not specifically listed elsewhere in Local Civil Rule 7(d) shall be noted for consideration no earlier than 21 days from the date of filing).

The court construes Mr. Leonard's request to suspend the deadline to respond to Boeing's motion to dismiss as a motion for relief from a deadline. "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id.* Nevertheless, because Mr. Leonard's anticipated motion to remand implicates the court's jurisdiction to decide Boeing's motion to dismiss, the court ORDERS as follows:

//

//

//

ORDER - 2

1. The court GRANTS Mr. Leonard's request to suspend the deadline for his response to the motion to dismiss pending the resolution of his motion to stay.[1]

2. The Clerk is DIRECTED to renote Mr. Leonard's motion to stay (Dkt. # 14) for **September 25, 2025**, in accordance with Local Civil Rule 7(d)(3). The Clerk is further DIRECTED to renote Boeing's motion to dismiss (Dkt. # 11) for **September 25, 2025**, for case management purposes. The court will address briefing on Boeing's motion to dismiss in its order resolving the motion to stay.

3. Mr. Leonard is ORDERED to file his motion to remand by no later than **October 3, 2025**.

4. Counsel for Mr. Leonard are ORDERED to carefully review this court's Local Civil Rules before making any further filings in this case. Failure to follow the Local Civil Rules in the future may result in the imposition of sanctions.

Dated this 5th day of September, 2025.

JAMES L. ROBART
United States District Judge

---

[1] *See* Fed. R. Civ. P. 1 (directing the court to administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").