UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERY LEONARD,<br><br>             Plaintiff,<br>    v.<br><br>THE BOEING COMPANY, INC.,<br><br>             Defendant. | CASE NO. C25-1551JLR<br><br>ORDER |

Before the court are (1) Defendant The Boeing Company, Inc.'s ("Boeing") motion to dismiss Plaintiff Jeffery Leonard's class action complaint (MTD (Dkt. # 11)) and motion for judicial notice (MJN (Dkt. # 12)) and (2) Mr. Leonard's motion to stay the proceedings in this matter pending the resolution of his forthcoming motion to remand for lack of subject matter jurisdiction (MTS (Dkt. # 14)).

Boeing removed the matter to this court on August 14, 2025, asserting subject matter jurisdiction under the Class Action Fairness Act. (*See* Not. of Removal (Dkt. # 1).) It filed its motion to dismiss on August 21, 2025. (*See* MTD.) Mr. Leonard filed

ORDER - 1

1  his motion to stay on September 4, 2025.  (*See* MTS.)  Mr. Leonard states that he intends

2  to file his motion to remand by no later than October 3, 2025, and asks the court to

3  suspend his deadline for responding to Boeing's motion to dismiss until after the court

4  resolves the motion to stay.  (*Id.* at 1.)  On September 5, 2025, the court suspended the

5  briefing schedule on Boeing's motion to dismiss and ordered briefing on Mr. Leonard's

6  motion to stay.  (9/5/25 Order (Dkt. # 15).)  Boeing filed a timely opposition to Mr.

7  Leonard's motion to stay.  (MTS Resp. (Dkt. # 16).)  Mr. Leonard did not file a reply in

8  support of his motion.  (*See generally* Dkt.)

9        To evaluate whether to stay an action, a court must weigh the competing interests

10 which will be affected by granting or refusing to grant a stay.  *CMAX, Inc. v. Hall*, 300

11 F.2d 265, 268 (9th Cir. 1962).  Among these interests are: (1) the possible damage which

12 may result from granting a stay, (2) the hardship or inequity which a party may suffer by

13 having to go forward, and (3) the orderly course of justice measured in terms of the

14 simplifying or complicating of issues, proof, and questions of law which could be

15 expected to result from a stay.  *Id.* (citing *Landis v. N. American Co.*, 299 U.S. 248,

16 254-255 (1936)).  Here, Boeing asserts that granting an indefinite stay of the resolution of

17 its motion to dismiss would threaten the stability of its collective bargaining agreement;

18 that refusing to grant the stay will not cause hardship to Mr. Leonard; and that granting

19 the stay would disrupt the orderly course of justice because Boeing's motion to dismiss

20 and Mr. Leonard's pending motion to remand involve overlapping issues that the court

21 should evaluate at the same time.  (*See generally* MTS Resp.)  Boeing urges the court to

22

consider the motion to dismiss and the motion to remand concurrently rather than wait to consider the motion to dismiss until after it decides the motion to remand.  (*Id.*)

The court agrees with Boeing that it would promote the orderly course of justice for the court to consider the parties' motions at the same time, and that doing so will not cause harm to Mr. Leonard.  Accordingly, the court ORDERS as follows:

1. Mr. Leonard's motion to stay (Dkt. # 14) is DENIED.

2. Mr. Leonard shall file his motion to remand by no later than **October 3, 2025**.  (*See* MTS at 1.)

3. Mr. Leonard shall file his oppositions to Boeing's motions to dismiss and for judicial notice, and Boeing shall file its opposition to Mr. Leonard's motion to remand, by no later than **October 24, 2025**.  *See* Local Rules W.D. Wash. LCR 7(d)(4) (requiring parties to file oppositions to motions to dismiss and motions to remand no later than 21 days after the filing date of the motion).

4. The parties shall file optional replies in support of their motions by no later than **October 31, 2025**.  *See id.* (requiring parties to file replies no later than 28 days after the filing date of the motion).

5. The Clerk is DIRECTED to renote Boeing's motions to dismiss (Dkt. # 11) and for judicial notice (Dkt. # 12) for **October 31, 2025**.

Dated this 29th day of September, 2025.

JAMES L. ROBART
United States District Judge