UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFERY LEONARD,

                Plaintiff,

    v.

THE BOEING COMPANY, INC.,

                Defendant.

CASE NO. C25-1551JLR

ORDER

Before the court is Plaintiff Jeffery Leonard's motion for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  (Mot. (Dkt. # 32); Reply (Dkt. # 36).) Defendant The Boeing Company, Inc. ("Boeing") opposes the motion.  (Resp. (Dkt. # 35).)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES the motion.

Mr. Leonard filed his proposed class-action complaint in King County Superior Court on July 21, 2025.  (*See* Compl. (Dkt. # 1-2) at 1.)  He brought state-law claims for discrimination on the basis of disability and retaliation in violation of the Washington

ORDER - 1

Law Against Discrimination, ch. 49.60 RCW, arising from Boeing's exclusion of employees on non-military leaves of absence of more than 90 days from a $12,000 bonus payment.  (*See generally* Compl.)  Boeing removed the matter to this court on August 14, 2025, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and federal question jurisdiction on the basis of preemption under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  (*See* Not. of Removal (Dkt. # 1).)  Boeing then moved to dismiss the action, and Mr. Leonard moved to remand for lack of subject matter jurisdiction.  (*See* MTD (Dkt. # 11); MTR (Dkt. # 19).)  On February 6, 2026, the court granted Mr. Leonard's motion to remand and denied Boeing's motion to dismiss as moot.  (*See generally* 2/6/26 Order (Dkt. # 31).)  Mr. Leonard filed his motion for an award of attorneys' fees and costs on February 10, 2026.  (Mot.)  The motion is now fully briefed and ripe for decision.

Under § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[T]he standard for awarding fees [] turn[s] on the reasonableness of the removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, "[t]he appropriate test for awarding fees under § 1447(c) should recognize

ORDER - 2

the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]" *Martin*, 546 U.S. at 140.

Although the court was not persuaded by Boeing's arguments against remand, it nevertheless concludes that Boeing's decision to remove the action was not so objectively unreasonable to warrant an award of attorneys' fees and costs. Because the complaint alleged an estimated class size of 350 members, it was not objectively unreasonable for Boeing to argue in its notice of removal that the amount in controversy would satisfy CAFA's jurisdictional minimum. (*See* Not. of Removal at 4-11.) And because the ratification bonus was the product of collective bargaining, it was not objectively unreasonable for Boeing to invoke § 301 preemption. (*See id.* at 11-20.) Furthermore, nothing in the record suggests that Boeing removed the case to this court for the purpose of prolonging the litigation and imposing costs on Mr. Leonard. *See Martin*, 546 U.S. at 140. To the contrary, Boeing acted promptly in removing the action to this court and moving to dismiss. (*See generally* Dkt.) Accordingly, the court DENIES Mr. Leonard's motion for an award of fees and costs (Dkt. # 32).

Dated this 5th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3