UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERY LEONARD, | CASE NO. C25-1551JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, INC., | |
| Defendant. | |

Before the court is Defendant The Boeing Company, Inc.'s ("Boeing") motion for certification of an interlocutory appeal of the court's February 6, 2026 order remanding this matter to King County Superior Court. (Mot. (Dkt. # 33); Reply (Dkt. # 41); *see* 2/6/26 Order (Dkt. # 31).) Plaintiff Jeffery Leonard opposes the motion. (Resp. (Dkt. # 39).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Boeing's motion because Boeing failed to follow the proper procedure for seeking appeal of a remand order.

ORDER - 1

Mr. Leonard filed his proposed class-action complaint in King County Superior Court on July 21, 2025. (*See* Compl. (Dkt. # 1-2) at 1.) He brought state-law claims for discrimination on the basis of disability and retaliation in violation of the Washington Law Against Discrimination arising from Boeing's exclusion of employees on non-military leaves of absence of more than 90 days from a $12,000 bonus payment. (*See generally* Compl.) Boeing removed the matter to this court on August 14, 2025, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and federal question jurisdiction on the basis of preemption under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (*See* Not. of Removal (Dkt. # 1).) Boeing then moved to dismiss the action, and Mr. Leonard moved to remand for lack of subject matter jurisdiction. (*See* MTD (Dkt. # 11); MTR (Dkt. # 19).) On February 6, 2026, the court concluded it lacked jurisdiction under CAFA and § 301; granted Mr. Leonard's motion to remand; and denied Boeing's motion to dismiss as moot. (*See generally* 2/6/26 Order.) Boeing filed its motion for certification of an interlocutory appeal in this court on February 17, 2026. (*See* Mot.)

In general, an order remanding a case to state court is not reviewable on appeal. 28 U.S.C. § 1447(d). Congress, however, carved out a limited exception to this rule for class actions that were removed to federal court based on CAFA jurisdiction. *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1137-38 (9th Cir. 2017). Under 28 U.S.C. § 1453(c)(1), "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed *if application is made to the court of appeals not more*

ORDER - 2

*than 10 days after entry of the order.*"  28 U.S.C. § 1453(c)(1) (emphasis added); *see* Fed. R. App. P. 5(a)(1) ("To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on all other parties to the district-court action."); *see, e.g.*, *Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) ("Rose Hills petitioned for permission to appeal the district court's remand order, and we granted the petition.  *See* 28 U.S.C. § 1453(c)(1).").

Here, nothing in the record suggests that Boeing petitioned the Ninth Circuit for permission to appeal within ten days after this court issued its remand order.  (*See generally* Dkt.)  Instead, Boeing moved this court for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (*See generally* Mot.)  Because Boeing failed to comply with the "particularized requirements" of 28 U.S.C. § 1453(c)(1), appellate review of the remand order is not available.  *Chan Healthcare Grp.*, 844 F.3d at 1138. Therefore, the court DENIES Boeing's motion for certification of an interlocutory appeal (Dkt. # 33).

Dated this 16th day of March, 2026.

_____

JAMES L. ROBART
United States District Judge

ORDER - 3